JESSE ROBINSON *et al.*, plaintiffs in error, *vs.* COVINGTON DUMAS, administrator, defendant in error.

The judgment of this Court at the December Term, 1869, in the cause then pending between the parties in this very matter, was a final judgment upon the points made in the affidavit of illegality, and now again brought before this Court, and the Court below did not err in dismissing the illegality.

*Res Adjudicata.* Before Judge CLARKE. Calhoun Superior Court. September Term, 1870.

This cause was here at December Term, 1869. See Dumas, administrator, *vs.* Robinson, *et al.*, 40 Georgia Reports, 349. The judgment below was then reversed, upon the ground that the Court below erred in passing on but a part of the issue submitted to him, and because it did not appear that the consideration of the debt upon which the judgment was founded was slaves, or the hire of slaves, and that the

Robinson *et al. vs.* Dumas.

Court ought to have ordered the *fi. fa.* to proceed for one-third of the amount due on the judgment.

When the *remitittur* was returned to the Court below, he ordered it entered upon the minutes, that the *fi. fa.* be credited with two-thirds of the amount due thereon, and proceed for the other third. When the illegality case was called, Dumas' counsel moved to dismiss it, because by the judgment of the Supreme Court, already made the judgment of the Court below, the matter was *res adjudicata.* On that ground the Court dismissed the illegality. That is assigned as error.

B. S. WORRILL, E. L. DOUGLASS, C. B. WORRILL, by R. H. CLARK, for plaintiffs in error.

VASON & DAVIS, R. H. LYON, HOOD & KIDDOO, for defendant in error.

McCAY, J.

The judgment of this Court on the issue tendered by the defendant in this affidavit of illegality was as follows: The tribunal to which the question had been referred had decided that the evidence before him showed a part of the consideration of the debt to be slaves, but he further decided that, as the evidence did not show what part of it was slaves, he would refer it to a jury.

This Court, upon this point, at December Term, 1869, reversed the judgment of the Court below on two grounds:

1st. This Court held that the evidence did *not* show the consideration to be slaves, and that the Court ought to have ordered the judgment to proceed for the one-third not paid. In our judgment that settled the dispute. It would be very unfair to keep open this part of the dispute and close up the claim of the plaintiff for the two-thirds he said was not paid. If there is to be a rehearing upon *one* point, it would be only fair to open the other. But the Judge only

obeyed the order of this Court in directing the execution to proceed for the one-third, as it was the clear judgment of this Court that he should so do. We therefore affirm his judgment in dismissing this illegality.

Judgment affirmed.